## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TARA WEIR, as Successor in Interest to AMANDA STOUDT,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGRESSIVE UNIVERSAL INSURANCE CO, and PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>    Defendant. | Case No.: _____<br><br><br>CIVIL ORIGINAL NOTICE |

TO THE ABOVE NAMED DEFENDANTS:

    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition is attached to this notice. The name and address of the attorneys for the plaintiff are Nicholas C. Rowley, Dominic Pechota, Matt Reilly, and Jon Specht, Trial Lawyers for Justice, P.C., 421 W. Water Street, Third Floor, Decorah, IA 52101. The attorneys' phone number is (563) 382-5071; facsimile number: (888) 801-3616.

    You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Linn County, at the courthouse in Cedar Rapids, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of person information in court filings.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).



EXHIBIT A

# STATE OF IOWA JUDICIARY

Case No. LACV096733
County Linn

Case Title TARA WEIR ETAL VS PROGRESSIVE UNIVERSAL INS CO ETA

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**. (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued 12/31/2020 08:36:50 AM



District Clerk of Linn County
/s/ Chris Slaymaker

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| TARA WEIR, as Successor in Interest to AMANDA STOUDT,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE UNIVERSAL INSURANCE CO, and PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Case No.: _____<br><br><br>PETITION AT LAW AND JURY DEMAND |

COMES NOW the Plaintiff, Tara Weir, as Successor in Interest to Amanda Stoudt, by and through her undersigned attorneys, and for her cause of action against Defendants Progressive Universal Insurance Co. and Progressive Direct Insurance Company states and alleges as follows:

### PARTIES, JURISDICTION, & VENUE

1. At all times material hereto, Plaintiff Tara Weir was a resident of Cedar Rapids, Linn County, Iowa.

2. At all times material hereto, Amanda Stoudt was a resident of Cedar Rapids, Linn County, Iowa.

3. Defendants Progressive Universal Insurance Co. and Progressive Direct Insurance Company [hereinafter "Progressive Defendants"] are and at all times material hereto were duly organized and licensed insurance corporations doing business in the state of Iowa. Progressive Defendants Progressive Universal Insurance Co. and/or Progressive Direct Insurance Company

1

issued an automobile insurance policy and/or an endorsement to said policy which provided coverage to Amanda Stoudt. Upon information and belief, this policy and/or endorsement to the policy provides coverage for Plaintiff Tara Weir's injuries.

4. On November 30, 2018, Plaintiff Tara Weir filed a state court lawsuit against various defendants, including Amanda Stoudt. The case was filed with the Iowa District Court for Linn County and was captioned as <u>Tara Weir v. Donald Varner, Amanda Stoudt, and United Fire & Casualty Company,</u> No. LACV091647. This lawsuit alleged that Tara Weir was injured in a motor vehicle collision in which Defendant Varner, while intoxicated, negligently operated a vehicle owned by Amanda Stoudt, with Amanda Stoudt's consent. The suit alleges, in relevant part, that as the consent owner of a vehicle involved in the motor vehicle collision, Ms. Stoudt was liable for the damages incurred by Tara Weir.

5. The Progressive Defendants issued an insurance policy, covering Amanda Stoudt's liability, up to the coverage amount.

6. On January 30, 2020, Amanda Stoudt filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Iowa. The case was captioned <u>In Re: Amanda Leigh Stoudt, Debtor</u>, No. 20-00142.

7. On May 28, 2020, the undersigned counsel for Plaintiff Tara Weir purchased from the Trustee of the estate of debtor Amanda Stoudt the following property of the estate: "Any and all claims against the Debtor's insurer, Progressive, for negligence, bad faith and breach of fiduciary duty."

8. On June 3, 2020, the United States Bankruptcy Court for the Northern District of Iowa in the matter of <u>In Re: Amanda Leigh Stoudt, Debtor</u> approved the sale of the cause of action

described in Paragraph 7. Therefore, Plaintiff Tara Weir is the Successor in Interest to this claim to Amanda Stoudt, and is a proper party in this action.

9. Plaintiffs' damages alleged herein exceed the jurisdiction amount for small claims court and were sustained to a significant degree in Linn County, Iowa.

## STATEMENT OF FACTS

10. On or about December 5, 2017, in the minutes leading up to 11:56 PM, Plaintiff Tara Weir was driving westbound on 29th Street NE in Cedar Rapids, Linn County, Iowa, towards the intersection of 29th Street NE and Center Point Road, NE.

11. On or about December 5, 2017, in the minutes leading up to 11:56 PM, Donald Varner was driving a vehicle northbound on Center Point Road, NE in Cedar Rapids, Linn County, Iowa, towards the intersection of 29th Street NE and Center Point Road, NE.

12. At the aforementioned place and time, Donald Varner was driving the vehicle he was operating the wrong way down Center Point Road, NE. The segment of Center Point Road, NE in which Donald Varner was operating his vehicle is a one-way street with traffic designated for southbound travel only, whereas Defendant Donald Varner was improperly and unlawfully driving in a northbound direction.

13. On or about December 5, 2017, at approximately 11:56 PM, as Plaintiff Tara Weir entered the intersection of 29th Street NE and Center Point Road, NE, Donald Varner drove the vehicle he was operating into, and striking the passenger side of, Plaintiff Tara Weir's vehicle.

14. The front of the vehicle being operated by Donald Varner collided with the side of Plaintiff's vehicle with such force as to cause damage to Plaintiff's vehicle and physical injury to the Plaintiff.

15. The force of this collision caused the tire on Plaintiff Tara Weir's vehicle to shear off, and Plaintiff Tara Weir's vehicle was totaled in this collision.

16. Following this collision, Donald Varner fled the scene of the incident.

17. Donald Varner was subsequently apprehended by Cedar Rapids police authorities, and was cited with Operating While Intoxicated, Second Offense, Leaving the Scene of an Accident, Violating a One-Way Traffic Designation, Driving While License Under Suspension, and Operation Without Registration.

18. Donald Varner was negligent in his operation of the motor vehicle he was driving.

19. Donald Varner was negligent in one or more of the following particulars:

a. For failing to have his vehicle under control;
b. For failing to keep a proper lookout;
c. For operating his vehicle while under the influence of alcohol;
d. For fleeing the scene of an accident which he caused in violation of Iowa Code § 321.261;
e. For violating a one-way traffic designation, in violation of Iowa Code §321.305; and
f. In failing to act as a reasonable driver under the circumstances then and there existing.

20. The negligence of Donald Varner was the actual cause of injury to Plaintiff.

21. The vehicle being operated by Donald Varner was being operated by him with the knowledge, permission, and consent of the vehicle's owner, Defendant Amanda Stoudt.

22. Any negligence on the part of Donald Varner is imputed to Amanda Stoudt as consent owner of the vehicle.

23. As the owner of the vehicle operated negligently by Donald Varner, Amanda Stoudt is liable for damages caused by such negligence.

24. By reason of such negligence, Plaintiff Tara Weir has incurred injuries and damages as follows: past and present pain and suffering; past and present mental anguish, emotional distress and loss of function of the body; past and present loss of earnings, earning capacity and benefits; past and present medical and hospital expenses, charges and services. Such damages will extend into the future and will be permanent.

## COUNT 1 – BAD FAITH

25. Plaintiff hereby repleads Paragraphs 1-24 as if fully restated herein.

26. On November 13, 2018, Plaintiff Tara Weir sent a settlement demand to the Progressive Defendants, requesting that the full policy limits of policy coverage available for Amanda Stoudt, for which the policy is referenced in paragraph 3, be tendered.

27. On November 20, 2018 Progressive Defendants responded with a denial of Plaintiff's claim.

28. Progressive Defendants had no reasonable basis for denying Plaintiff's claim.

29. Progressive Defendants knew or had reason to know that their denial was without reasonable basis.

30. Progressive Defendants undertook the responsibility to investigate, act upon, monitor and otherwise handle the personal injuries claims of and Tara Weir against their insured, Amanda Stoudt.

31. Due to the inherently unequal bargaining power between an insured and an insurer, a special relationship existed, at all times material herein, between Amanda Stoudt and Defendants, warranting protection of the rights of Amanda Stoudt by those Defendants and giving rise to a duty on the part of those Defendants and their agents to act only in good faith and for the protection of Amanda Stoudt.

5

32. This duty of good faith required Defendants to fully, fairly, and promptly investigate, defend, and settle the claim by Tara Weir.

33. Progressive Defendants breached their duty of good faith by failing to conduct a proper investigation, by failing to subject the findings of its investigation to a reasonable evaluation and review, by failing to reasonably settle the case of Tara Weir.

34. The denial, delay, and/or refusal to pay reasonable settlement demands by Tara Weir was without a reasonable and good faith basis.

35. Amanda Stoudt has been damaged because of Progressive Defendants' denial of Plaintiff's claims and such damages include but are not limited to emotional distress and being forced to file for bankruptcy.

36. Progressive Defendants' conduct, as described above, was directed against and constituted a willful and wanton disregard for the rights of Amanda Stoudt.

## COUNT II – BREACH OF FIDUCIARY DUTY

37. Plaintiff hereby repleads Paragraphs 1-36 as if fully restated herein.

38. Progressive Defendants were under a duty to provide insurance coverage to Amanda Stoudt and a fiduciary relationship existed between the parties. Amanda Stoudt was also not provided her own independent lawyers to defend her where a clear conflict of interest existed.

39. Progressive Defendants intentionally breached their fiduciary obligations by engaging in the conduct described above.

40. Such breach was a cause of damage to Amanda Stoudt.

41. Amanda Stoudt has been damaged because of Progressive Defendants' denial of Plaintiff's claims and such damages include but are not limited to emotional distress and being forced to file for bankruptcy.

42. The conduct of Progressive Defendants was sufficiently willful and wanton so as to entitle Plaintiff to punitive or exemplary damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in favor of Plaintiff and against Defendants Progressive Universal Insurance Co. and Progressive Direct Insurance Company in an amount that will fully and fairly reflect the damages sustained by Amanda Stoudt for her damages; including payment on the amount of damages, for an appropriate amount of punitive damages, and for interest, costs, and any other relief that Plaintiff is entitled to and that are just and appropriate under the circumstances.

Respectfully submitted,

/s/ Matt J. Reilly
Nicholas C. Rowley    AT0009516
Dominic F. Pechota    AT0006175
Matt J. Reilly    AT0006541
Jon Specht    AT0012576

**TRIAL LAWYERS FOR JUSTICE, P.C.**
421 W. Water St., Third Floor
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (888) 801-3616
Email: matt@tl4j.com

**ATTORNEYS FOR PLAINTIFF**

## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Tara Weir, and hereby demands trial by jury on each and every issue in the within cause so triable under Iowa law.

Respectfully submitted,

/s/ Matt J. Reilly
Matt J. Reilly     AT0006541

**TRIAL LAWYERS FOR JUSTICE, P.C.**
421 W. Water St., Third Floor
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (888) 801-3616
Email: matt@tl4j.com

8